

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 27 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

LAMARR ROWELL,

                    Plaintiff,

v.

JAMES E. DZURENDA, *et al.*,

                    Defendants.

3:19-cv-00337-MMD-CBC

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Lamarr Rowell's ("Rowell"), application to proceed *in forma pauperis* (ECF No. 1), his *pro se* civil rights complaint (ECF No. 1-1), his motion for temporary restraining order (ECF No. 3), his motion for pro bono counsel (ECF No. 4), and his amended emergency motion for temporary restraining order (ECF No. 5).  For the reasons stated below, the Court recommends that Rowell's *in forma pauperis* application (ECF No. 1) be granted, that his complaint (ECF No. 1-1) be dismissed without prejudice, and without leave to amend, and that the motion for temporary restraining order, motion for appointment of counsel, and amended emergency motion for temporary restraining order (ECF Nos. 3, 4, 5) be denied as moot, in light of this report and recommendation.

## I.    *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1 | (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

2 |    The Local Rules of Practice for the District of Nevada provide: "Any person who is
3 | unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].
4 | The application must be made on the form provided by the court and must include a financial
5 | affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

6 |    "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some
7 | particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir.
8 | 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to
9 | enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331,
10 | 339 (1948).

11 |    A review of the application to proceed IFP reveals Rowell cannot pay the filing fee;
12 | therefore, the Court recommends that the application be granted.

13 | **II.    SCREENING STANDARD**

14 |    Prior to ordering service on any defendant, the Court is required to screen an *in forma*
15 | *pauperis* complaint to determine whether dismissal is appropriate under certain
16 | circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28
17 | U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for
18 | the enumerated reasons). Such screening is required before a litigation proceeding *in forma*
19 | *pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir.
20 | 2015).

21 |    "[T]he court shall dismiss the case at any time if the court determines that – (A) the
22 | allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii)
23 | fails to state a claim upon which relief may be granted; or (ii) seeks monetary relief against
24 | a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

25 |    Dismissal of a complaint for failure to state a claim upon which relief may be granted
26 | is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915€(2)(B)(ii)
27 | tracks that language. As such, when reviewing the adequacy of a complaint under this

1 | statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.,*

2 | *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining

3 | whether a plaintiff has failed to state a claim upon which relief can be granted under §

4 | 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for

5 | failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question

6 | of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation

7 | omitted).

8 | The Court must accept as true the allegations, construe the pleadings in the light

9 | most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*

10 | *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints

11 | are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*

12 | *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

13 | A complaint must contain more than a "formulaic recitation of the elements of a cause

14 | of actions," it must contain factual allegations sufficient to "raise a right to relief above the

15 | speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

16 | must contain something more . . . than . . . a statement of facts that merely creates a

17 | suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted).

18 | At a minimum, a plaintiff should include "enough facts to state a claim to relief that is

19 | plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20 | A dismissal should not be without leave to amend unless it is clear from the face of

21 | the complaint the action is frivolous and could not be amended to state a federal claim, or

22 | the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,

23 | 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

24 | **III.    SCREENING OF COMPLAINT**

25 | In his complaint, Rowell sues Defendants Director of Nevada Department of

26 | Corrections James E. Dzurenda and Director of Nevada Department of Parole and

27 | Probation John/Jane Doe under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Rowell alleges the

following: On April 30, 2008, Rowell was placed in the custody of Defendant Dzurenda for 11 years for his "status of being a habitual criminal," and on August 17, 2018, Rowell was placed under the supervision of John/Jane Doe for his "status of being a habitual criminal." (*Id.* at 2.) Rowell states that the Nevada Supreme Court has consistently held "habitual criminality is not a crime but a status and does not charge a criminal offense," and that a person "cannot be punished for status." (*Id.*, citations omitted.) Rowell argues that the Defendants lacked the statutory and constitutional authority to accept custody of Rowell because the courts never had power to issue an order to deprive him of his liberty for a non-crime. (*Id.*) Based on these allegations, Rowell asserts violations of his due process and equal protection rights and seeks discharge from parole supervision and monetary damages. (*Id.* at 2-3.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent

1 | prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas*

2 | *corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v.*

3 | *Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or

4 | duration of his custody, raises a constitutional challenge which could entitle him to an earlier

5 | release, or seeks damages for purported deficiencies in his state court criminal case, which

6 | effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas*

7 | *corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v.*

8 | *McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*,

9 | 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would

10 | necessarily imply the invalidity of his conviction or sentence," then "the complaint must be

11 | dismissed unless the plaintiff can demonstrate that the conviction or sentence has already

12 | been invalidated." *Heck*, 512 U.S. at 487.

13 | While Rowell states that this action does not challenge or imply the invalidity of a

14 | criminal conviction or sentence (*See* ECF No. 1-1 at 2), it is apparent that Rowell is explicitly

15 | challenging the constitutionality of his state court criminal conviction. Consequently, he must

16 | demonstrate that his conviction has been overturned to proceed in an action under § 1983.

17 | As he has not done so, his sole relief is a *habeas corpus* action. The Court, therefore,

18 | recommends that the complaint be dismissed without prejudice and without leave to amend.

19 | Because the Court recommends that the complaint be dismissed without prejudice

20 | and without leave to amend, the Court recommends that Rowell's other pending motions

21 | (ECF Nos. 3, 4, 5) be denied as moot.

22 | **IV.    CONCLUSION**

23 | For the reasons articulated above, the Court recommends that Rowell's application

24 | to proceed *in forma pauperis* (ECF No. 1) be granted, Rowell's complaint (ECF No. 1-1) be

25 | dismissed without prejudice and without leave to amend, and the motion for temporary

26 | restraining order, motion for pro bono counsel, and amended emergency motion for

27 | temporary restraining order (ECF Nos. 3, 4, 5) be denied as moot, in light of this report and

recommendation.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.   These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Rowell's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Rowell's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Rowell's complaint (ECF No. 1-1) be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**; and

**IT IS FURTHER RECOMMENDED** that Rowell's motion for temporary restraining order, motion for pro bono counsel, and amended emergency motion for temporary restraining order (ECF Nos. 3, 4, 5) be **DENIED** as moot, in light of this report and recommendation.

**DATED:** *9/27/2019*.

_____
UNITED STATES MAGISTRATE JUDGE