UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAMARR ROWELL,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>JAMES E. DZURENDA, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:19-cv-00337-MMD-CBC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") relating to *pro se* Plaintiff's application to proceed *in forma pauperis* ("IFP Application") and Complaint (ECF Nos 1, 1-1). (ECF No. 6.) Plaintiff has filed an objection (ECF No. 8), which the Court overrules and accepts and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objection, the Court engages in *de novo* review to determine whether to accept the R&R.[1] The Court finds good cause to do so.

Judge Cobb recommends granting Plaintiff's IFP Application but dismissing Plaintiff's Complaint and dismissing the other pending motions as moot. (ECF No. 6.) Regarding Plaintiff's Complaint, Judge Cobb found that it amounts to a challenge of

///

---

[1] Plaintiff's allegations and applicable legal standards are provided in the R&R (ECF No. 6 at 2–4).

Plaintiff's state court criminal conviction and is thus barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).[2] (ECF No. 6 at 5.) Plaintiff objects to the R&R, arguing that his claim is not *Heck*-barred because he does not specifically challenge his state conviction, but only contends that he has been unlawfully confined in the custody of Defendants for 11 years based on the "status" of being a habitual criminal. (ECF No. 8.) However, this Court agrees with Judge Cobb that Plaintiff effectively challenges his conviction and related sentence based *solely on the allegations in his Complaint* (*see* ECF No. 1-1).[3] The Court therefore accepts and adopts the R&R in full, except that the Court dismisses the Complaint with prejudice—not without prejudice and without leave to amend as recommended—because the Complaint is *Heck*-barred.

It is therefore ordered that Plaintiff's IFP Application (ECF No. 1) is granted. The Clerk is directed to file Plaintiff's Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed with prejudice.

It is further ordered that Plaintiff's other pending motions (ECF Nos. 3, 4, 5, 7) are denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 22nd day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Judge Cobb also explained that Plaintiff's recourse is to proceed with a *habeas corpus* action. (ECF No. 6 at 5.)

[3] The Court additionally notes that Exhibit C which Plaintiff cites to in his objection (ECF No. 8 at 1), shows Plaintiff's Judgment of Conviction and provides, *inter alia*, "the Defendant having been found guilty under the LARGE HABITUAL CRIMINAL STATUTE of the crimes of COUNT 1-BURGLARY . . . ." (ECF No. 1-2 at 3). Thus, Exhibit C undermines Plaintiff's objection.