UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAMARR ROWELL,<br><br>                      Plaintiff,<br>v.<br><br>JAMES E. DZURENDA, *et al.*,<br><br>                      Defendants. | Case No. 3:19-cv-00337-MMD-WGC<br><br>ORDER |

On October 22, 2019, the Court entered final judgment ("Judgment") in this matter dismissing the action and accepting the Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") (ECF No. 6). (ECF Nos. 9, 10.) Plaintiff thereafter filed a motion for reconsideration ("Motion") the same day he appealed the Judgment (ECF Nos. 11, 13). The Court denied the Motion for lack of jurisdiction (ECF No. 14). The Court also denied Plaintiff's renewed motion for pro bono counsel (ECF No. 12) for the same reason. The Ninth Circuit Court of Appeals has since held Plaintiff's appeal in abeyance for this Court to consider Plaintiff's Motion on its merits. (ECF No. 18.) The Court therefore now considers the Motion and will deny it for the reasons stated below.

Under Fed. R. Civ. P. 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985); *see also Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law").

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund*, 778 F.2d at 1388 (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled," *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005), and is not "intended to give an unhappy litigant one additional chance to sway the judge," *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Plaintiff's Motion is denied because it neither identifies new evidence, a change in controlling law, nor demonstrates that the Court committed clear error or was manifestly unjust in entering Judgment. The Court's entry of Judgment was based on its acceptance of the R&R's conclusion that Plaintiff's Complaint is barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). (ECF No. 9.) In the Motion, Plaintiff essentially repeats his contention, already addressed in his objection to the R&R (ECF No. 8), that his Complaint is not *Heck*-barred. The Court recognizes that Plaintiff's position is that he is not effectively trying to challenge his conviction and related sentence. (*See* ECF Nos. 8, 11.) But this Court concluded otherwise and Plaintiff's Motion presents no new facts or contentions to stir the Court to alter its findings. Accordingly, the Motion is denied.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 11) is denied. The renew motion for pro bono counsel (ECF No. 12) is likewise denied.

DATED THIS 27th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2